UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

QIAN L. COLLINS,

    Petitioner,

    v.                                      Case No. 12-C-1097
                                                  (Crim. Case No. 09-CR-147)

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING CERTAIN MOTIONS TO AMEND OR SUPPLEMENT PETITION, GRANTING PETITION TO VACATE SENTENCE, DENYING CERTAIN MOTIONS, SETTING NEW SENTENCING HEARING, AND DIRECTING UPDATE TO PSR

Qian Collins was convicted of one firearm possession count. At sentencing, this court found that Collins qualified for a mandatory fifteen-year sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). One of Collins's qualifying convictions was for vehicular fleeing, which was counted in accordance with *Sykes v. United States*, 131 S. Ct. 2267 (2011). (*See* Doc. 42 at 15.) Had the ACCA not applied, Collins would have been subject to a ten-year maximum sentence.

Subsequently, Collins filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction. In the motion and an amendment to the motion, Collins raised six issues. The court dismissed one of the issues but ordered the government to respond to the remainder. After extensions of time, the government filed its response to the motion. Following several additional extensions of time and the preparation of two transcripts by the court reporter, Collins was due to file his reply.

Instead, Collins filed new motions. First came a motion to amend the petition to add a new claim challenging whether a particular drug count qualified to trigger the ACCA.

Then Collins filed a motion to withdraw or dismiss his § 2255 motion. Later, Collins withdrew the motion to withdraw or dismiss and sought further time to acquire some state court records before filing his reply; the court granted the extension of time. Shortly thereafter, Collins cross-filed in this case and in his criminal case a motion to correct judgment to obtain certain sentence credit predating sentencing. Still no reply brief was filed.

In April of this year, Collins filed a second motion to withdraw or dismiss this case or, alternatively, for appointment of counsel. Thereafter, he began filing numerous motions in this case. A motion to amend or supplement filed on July 2 was followed quickly by another motion to amend or supplement and for appointment of counsel filed on July 8. Both sought to add a new claim based on *Johnson v. United States,* 135 S. Ct. 2551 (2015), which overruled *Sykes* and invalidated the residual clause of the ACCA pursuant to which the court had counted the fleeing conviction. In the motion filed on July 2, Collins indicated that he wished to abandon all claims other than his *Johnson* claim and his motion (cross-filed in the criminal case) regarding sentencing credit. (*See* Doc. 55 at 2.) Next, Collins filed a motion to add supplemental authority from another circuit regarding the retroactivity of the *Johnson* decision, then he submitted another supplement referring the court to *Price v. United States,* 795 F.3d 731 (7th Cir. 2015), in which the Seventh Circuit declared that *Johnson* was retroactive. Also, Collins filed two requests that this case be set for a hearing.

Finally, in the last few weeks, the Federal Defender Services of Wisconsin appeared on Collins's behalf and filed an unopposed amended petition to vacate sentence pursuant to *Johnson*. In the motion, the defender represented that the government agrees that

2

Collins is entitled to relief and that both parties request resentencing as soon as possible. Two Assistant United States Attorneys have filed appearances in the case, and to date neither has filed any opposition to the recent amendments to Collins's motions, thus confirming the government's concurrence. Notably, defense counsel has reiterated that Collins is abandoning all previous grounds for relief other than the *Johnson* claim.

In sum, notwithstanding numerous prior claims and multiple motions in the case, the parties agree that Collins no longer qualifies as an armed career criminal because his fleeing conviction cannot be counted as a predicate and that after *Johnson* and *Price* his conviction cannot stand. With the ACCA inapplicable, Collins's current sentence, initially based on the fifteen-year mandatory minimum rather than the ten-year maximum, is in excess of the amount authorized by law and relief under § 2255 is justified. Therefore,

IT IS ORDERED that the motion to withdraw or dismiss (Doc. 54) is denied.

IT IS FURTHER ORDERED that the various motions to amend or supplement the § 2255 motion (Docs. 39, 55, 56, 58, 60, 63) are granted and that Collins is deemed to have abandoned or waived all claims other than his *Johnson* claim.

IT IS FURTHER ORDERED that Collins's § 2255 motion as amended is granted and his sentence is vacated.

IT IS FURTHER ORDERED that the motions to appoint counsel (Docs. 54, 56) and any other motions are denied as moot.

IT IS FURTHER ORDERED that Collins's criminal case is set for resentencing on December 8, 2015, at 9:30 am.

IT IS FURTHER ORDERED that on or before December 3, 2015, the probation office shall file an update to the PSR calculating the guidelines without the ACCA

designation, including proposed conditions of supervised release in accord with recent Seventh Circuit caselaw, and describing Collins's conduct and performance while in prison. In addition, the update should include the Bureau of Prisons' calculation of how much time Collins has served and whether Collins was credited the time between June 29, 2009, and the original sentencing date, as contemplated at sentencing (*see* Doc. 42 at 6-8).[1]

Dated at Milwaukee, Wisconsin, this 18th day of November, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

---

[1] If Collins was not credited with that time as all parties at the original sentencing presumed would occur (*see* Doc. 42 at 6-8), the matter will be addressed at the resentencing, obviating any need for the court to rule separately on Collins's motion in the criminal case to amend or correct the judgment.